IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| WILLARD BAILEY FISHER, Plaintiff, | ) | Civil No. 06-6136-HO |
| v. | ) | ORDER |
| DESCHUTES COUNTY, et al., Defendants. | ) | |

Plaintiff brings this action alleging violations of his Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.

Plaintiff's allegations arise out of his arrest for suspicion of driving under the influence of intoxicants (DUII) on June 14, 2004. Defendant Deputy Jayson Paul Janes took plaintiff to the Deschutes County jail and at approximately 10:32 p.m. obtained, through a breath test, a blood alcohol level of .02. Plaintiff alleges that Janes learned that plaintiff, who was 81 at the time,

was taking insulin for diabetes and had high blood pressure and heart problems. Plaintiff alleges that Janes then required plaintiff to submit to additional testing from a drug recognition expert and the expert began an evaluation at 10:56 p.m. and conducted tests until 12:22 a.m. Plaintiff alleges that no evidence supporting the charge was obtained, but that Janes charged plaintiff with DUII and, along with Doe defendants, impounded plaintiff's vehicle and continued to detain him until he could be released to his wife.

Plaintiff alleges that it is within the discretion of jail staff to determine when a person will be released and that citizens in plaintiff's circumstances are subject to being held overnight unless a friend or family member is available to drive the citizen home. Plaintiff further alleges that, "[c]onversely, it is well known that persons charged with DUII and arrested, are routinely released and pre-trial inmates released in the middle of the night, who have to walk or find their own way home with no hope of transport."

Plaintiff alleges that as result of the acts of defendants, he experienced economic loss of wages and attorney fees required to obtain dismissal of the criminal charges and damage to his reputation. The District Attorney dismissed the charge.

Plaintiff alleges four claims for relief: (1) deprivation of liberty pursuant to the Fourth and Fourteenth Amendments; (2)

violation of his equal protection rights pursuant to the Fourteenth Amendment; (3) violation of his due process rights; and (4) declaratory relief. Plaintiff also alleges liability on the part of the Sheriff and County.

Defendants have filed several rule 12 motions:

1. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Declaratory Relief Claim Because Plaintiff Lacks Standing

Plaintiff concedes this motion and the motion is granted.

2. Plaintiff Has Failed to State a Claim for Relief for Alleged Violations of his Fourteenth Amendment Substantive Due Process Rights under 42 U.S.C. § 1983

Plaintiff concedes this motion and it is granted.

3. Sheriff Stiles and Deputy Janes are entitled to Qualified Immunity Against Plaintiff's Fourteenth Amendment Claims

This motion is moot and plaintiff concedes the motion.

4. Plaintiff Has Failed to State a Claim for Relief for Alleged Violations of His Fourteenth Amendment Equal Protection Rights under 42 U.S.C. § 1983

Plaintiff concedes this motion and it is granted.

5. Plaintiff Fails to Allege Facts Sufficient to State a Claim That His Arrest was Made Without Probable Cause

Plaintiff concedes that the initial arrest at the scene was made with probable cause, but asserts that his constitutional rights were violated when, after the police officer and jailers had information affirmatively proving that plaintiff was not under the influence of intoxicants and a danger to himself or others, the officers refused to release plaintiff. Accordingly, plaintiff's remaining sole cause of action pertains to his continued detention and refusal to immediately release him after the examination by the DRE concluded at 12:22 a.m. To the extent the complaint could have been construed to allege a Fourth Amendment claim based on the initial arrest or detention through the expert exam, the motion is granted.

6. Motion to Strike the Allegations in Paragraph 13

Plaintiff alleges in paragraph 13 that

> Defendants have refused to provide copies of the Deschutes County policy regarding the citation, arrest, prosecution and release of persons when the information obtained does not establish probable cause to believe a person in (sic) intoxicated. A jail supervisor has asserted that it is within the discretion of jail staff to determine when a person will be released and that citizens in plaintiff's circumstances, not unlike persons who are highly intoxicated, are subject to being held overnight, unless a friend or family member is available to drive the person home. Conversely, it is well known that persons charged with DUII and arrested, are routinely released and pre-trial inmates released in the

> middle of the night, who have to walk or find their own way home with no hope of transport.

Defendants contend that none of these allegations are relevant to the remaining claim. Plaintiff responds that the allegations were directed to the declaratory relief claim, but that some proof of these facts may now be relevant to malice and punitive damages. Plaintiff further contends that these facts may also be relevant to government liability and supervisor liability. I generally agree with plaintiff, with the exception of the allegations regarding refusal to provide copies of County policy, which is more appropriately directed to a motion to compel.

Defendants note that plaintiff alleges that he was released to his wife and thus the allegations regarding being held overnight, etc. are irrelevant because he must prove that the alleged custom or policy caused him harm. The allegations regarding being released to friends or family appears relevant, but the allegations about being released with no transport are not relevant to the remaining claim. As a result of the above motions being granted, an amended complaint will be required and the challenged allegations could be better tailored to the remaining claim.

<u>7. Motion to Make More Definite and Certain Allegations of Economic Damage</u>

Defendants contend that plaintiff's allegations of special damages pleaded in paragraphs 15, 21 and 42 need to be more

definitely alleged and provide particularity. Plaintiff concedes that paragraphs 15 and 42 need to be amended, but contends that paragraph 21 does not address damages. Paragraph 21 generally alleges deliberate indifference and ratification on the part of the sheriff. However, the last sentence of the paragraph alleges, "The Sheriff's conduct and failure to train, instruct, supervise, and discipline defendant deputies and other employees of the County jail, caused plaintiff's economic and non-economic damages in an amount to be determined at trial." The allegations of economic damage need to be made more definite and certain or the paragraph could be amended to refer to the other paragraphs which will presumably set out the damages with particularity.

<u>8. Motion to Make More Definite and Certain the Allegations of Paragraphs 25, 27, 28, and 32</u>

In paragraph 25, plaintiff alleges the County failed to train its employees to protect against meritless detention contrary to state and federal release criteria and has failed to promulgate an appropriate release policy in disregard of the right to an appropriate release decision. In paragraphs 27, 28, and 32, plaintiff refers to "appropriate" release criteria. Defendants contend that these allegations are vague and ambiguous making it difficult to impossible to frame a response. Plaintiff contends he will replead when all copies of discovery have been provided

regarding the County's policy for release of persons charged with DUII, who are in fact not intoxicated. However, defendants are not concerned about the allegations regarding the County's policies with this particular motion. Defendants cannot determine against what policies plaintiff is measuring their policy. Plaintiff refers to state and federal release policy or simply "appropriate" policy but does not identify specifically what those policies are. The motion is granted.

9. Motion to Make More Definite and Certain the Allegations of Paragraph 14

In paragraph 14, plaintiff alleges that "The violations of plaintiff's constitutional rights was (sic) undertaken pursuant to a custom or policy of Deschutes County, its sheriff and its deputies and jail staff." Defendants contend that the paragraph fails to identify the custom or policy referred to. Plaintiff again responds that he will replead once discovery is completed. This is an issue more appropriate for summary judgment following discovery. The motion is denied.

10. Motion to Make More Definite and Certain the Allegations that Plaintiff was Arrested Without Probable Cause

Plaintiff now contends that he is not claiming that his initial arrest lacked probable cause (despite paragraph 30 of the

complaint). Assuming an amended complaint deleting any such allegations will be filed, the motion is denied as moot.

CONCLUSION

For the reasons stated above, defendants' rule 12 motions (#7) are granted in part and denied in part.

DATED this 4th day of April, 2007.

s/ Michael R. Hogan
United States District Judge